**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:40 PM March 6, 2013**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER FRANK PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| | ) | |
| SPIRIT SPE PORTFOLIO 2007-1 LLC, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION (NOT** |
| | ) | **INTENDED FOR PUBLICATION)** |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now before the Court is Defendant's motion to quash summons and complaint, filed on December 12, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

This matter arises in the Chapter 11 bankruptcy of Christopher Frank Paxos ("Debtor" or "Defendant"). Plaintiff filed a complaint on August 13, 2012 seeking a determination of nondischargeability under 11 U.S.C. § 523(a)(2)(A), (B) and (a)(4). On August 16, 2012, the Court issued the summons. On September 7, 2012, Plaintiff requested the Court issue an alias summons, which the Court subsequently issued on September 11, 2012. Under the alias summons, Defendant's answer was due October 11, 2012.

On September 14, 2012, Plaintiff filed proof of service of the summons, which indicates that Defendant was personally served at his home address of 7237 Brycewood Circle NW, North Canton, Ohio. On October 10, 2012, Defendant filed a motion for an extension of time to answer through November 12, 2012 and to continue the pretrial conference. The Court entered an order granting the extension to answer through November 12, 2012 and setting a pretrial conference for November 28, 2012. On November 13, 2012, Defendant filed his answer.[1]

On December 12, 2012, Defendant filed the motion to quash summons and complaint and accompanying memorandum in support, arguing that Plaintiff did not serve the summons and complaint on Defendant's counsel within 120 days after the filing of the complaint. Plaintiff filed a response on December 19, 2012, admitting that as a result of oversight and inadvertence, service of the summons and complaint was not mailed to Defendant's counsel. Plaintiff argues that despite this oversight, Defendant and his counsel actually received notice because he filed both a motion to extend the time to answer and an answer. Further, Plaintiff notes that he sent a copy of the alias summons and complaint to Defendant's attorney on December 19, 2012. Plaintiff, on January 2, 2013, filed proof of such service to Defendant's counsel, which indicated that Defendant's counsel received the summons and complaint on December 20, 2012. Defendant filed a reply on December 26, 2012, asserting that allowing Plaintiff additional time for Plaintiff to effectuate service would effectively eliminate the requirement that service be perfected within 120 days.

## LAW AND ANALYSIS

Fed. R. Bankr. P. 7004(h) provides that "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F. R. Civ. P." Fed. R. Bankr. P. 7004 incorporates Fed. R. Civ. P. 4(m), which requires a plaintiff to serve the defendant within 120 days after the complaint is filed. If a plaintiff fails to comply, the court must dismiss the complaint without prejudice or order that service be made within a set time. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff does not dispute that the summons and complaint were not served on Defendant's counsel within the 120-day period and does not dispute the applicability of Fed. R. Bankr. P. 7004(h) and Fed. R. Civ. P. 4(m). Plaintiff asserts that the failure to serve the summons and

---
[1] November 12, 2012 was a federal holiday, Veteran's Day.

complaint on Defendant's counsel was an inadvertent oversight. Plaintiff states that because Defendant filed a motion to extend the time to answer and ultimately filed an answer, Plaintiff's counsel assumed there was no issue with service.

When a plaintiff establishes good cause for failure of service, the court must grant additional time for service. Evans v. DiBartolo (In re DiBartolo), Case No. 05-69647, Adv. No. 06-6053, 2006 Bankr. LEXIS 3021, at 7 (Bankr. N.D. Ohio Oct. 30, 2006) (citing Westfield Ins. Co. v. Madar (In re Madar), 218 B.R. 382 (Bankr. E.D. Mich. 1998); Russell v. Goins (In re Goins), 2006 Bankr. LEXIS 1581 (Bankr. E.D. Tenn. 2006)). To determine if good cause exists, the Sixth Circuit Court of Appeals directs that courts consider whether or not a plaintiff made a reasonable and diligent effort to effectuate service. DiBartolo, 2006 Bankr. LEXIS 3021 at 7-8 (citing Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)).

In the instant matter, Plaintiff has not established that good cause exists for its failure to properly serve the summons and complaint on Defendant's counsel. Plaintiff's main justification is that due to the filing of a motion and answer by Defendant, it assumed that there was no service issue. Plaintiff also blames its failure on Defendant's counsel by arguing that counsel should have extended professional courtesy to Plaintiff's counsel and advised that service was never made on Defendant's counsel. These justifications do not establish that Plaintiff made a reasonable and diligent effort to effectuate service because it appears that Plaintiff's only diligence was to rely on Defendant's counsel to advise of service shortcomings. The fact that Defendant had actual notice of the complaint because Defendant filed a motion and answer in this adversary proceeding also is not sufficient to establish good cause. DiBartolo, 2006 Bankr. LEXIS 3021 at 8.

Even in the absence of good cause, a court may, in its discretion, extend the time for service. Id. (citing Habib, 15 F.3d at 74; Slenzka v. Landstar Ranger, Inc., 204 F.R.D 322 (E.D. Mich. 2001)). Courts consider several factors when deciding whether to extend the 120-day period, which include:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effective proper service of process.

DiBartolo, 2006 Bankr. LEXIS 3021 at 9 (quoting Donaldson v. Lopez (In re Lopez), 292 B.R. 570 (E.D. Mich. 2003)). The Advisory Committee Notes to Rule 4(m) also provide that an "extension may be justified 'if the applicable statute of limitations would bar the refiled action.'" *See also* DiBartolo, 2006 Bankr. LEXIS 3021 at 9-10 (citing Fed. R. Civ. P. 4(m); Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611 (8th Cir. 2003) ("stating that when dismissal without prejudice has the effect of barring plaintiff's claim, there is a strong argument for a permissive extension"); Kadlecek v. Ferguson (In re Ferguson), 204 B.R. 202, 209 (Bankr. N.D. Ill. 1997) ("stating that running of limitations statute is a factor that should be paid close attention when

3

deciding whether to grant additional time to effect service")). In addition, the general preference in the Sixth Circuit is to decide issues on the merits and not dispose of them based on procedural grounds. Mays v. Black, No. 1:08-cv-871, 2010 U.S. Dist. LEXIS 17841, at 6-7 (S.D. Ohio Feb. 3, 2010) (citing Westfield Inc. Cos. v. Madar, 218 B.R. 382, 384 (E.D. Mich. 1998)); DiBartolo, 2006 Bankr. LEXIS 3021 at 10.

After a review of the above factors, the Court determines an extension of time for service is appropriate. For the first factor, a significant extension of time is not required. In response to this motion, Plaintiff served Defendant's counsel on December 20, 2012. Thus, the extension was just eight (8) days. Further, factors two through four all weigh in favor of extending the time for service. Defendant had actual notice of this adversary proceeding and does not indicate any prejudice he will suffer due to the delay in proper service to his counsel. A dismissal of the complaint would substantially prejudice Plaintiff because its complaint would be time-barred. Plaintiff's complaint is brought under 11 U.S.C. § 523(a)(2) and (4) and, therefore, must have been filed no later than sixty (60) days after the first date set for the meeting of creditors under § 341. *See* DiBartolo, 2006 Bankr. LEXIS at 11.

The fifth factor is somewhat problematic for Plaintiff because it did not make any attempt to effectuate proper service on Defendant's counsel until after the 120-day period. Given the general preference in the Sixth Circuit to decide issues on the merits, the Court finds that the lack of compliance with the fifth factor will not be determinative for Plaintiff. The Court will allow Plaintiff to cure the service by extending the time for service. Further, the Court deems the service made by Plaintiff to Defendant's counsel on December 20, 2012 to be sufficient. Accordingly, the Court will deny Defendant's motion.

An order will be entered simultaneously with this opinion.

# # #

**Service List:**

Michael J O'Shea
19300 Detroit Road - Suite 202
Rocky River, OH 44116

4

David E Butz
Krugliak, Wilkins, Griffiths & Dougherty
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

Christopher Paxos
7237 Brycewood Cir
North Canton, OH 44720