**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 08:30 AM July 24, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CHRISTOPHER FRANK PAXOS, | CASE NO. 12-61280 |
| Debtor. | ADV. NO. 12-6112 |
| SPIRIT SPE PORTFOLIO 2007-1 LLC, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION** |
| | **(NOT FOR PUBLICATION)** |
| CHRISTOPHER PAXOS, | |
| Defendant. | |

Now before the court is Defendant's renewed motion to quash the alias summons issued on September 7, 2012 for a defect in service. On March 6, 2013, the court found that Plaintiff failed to serve Debtor's counsel in accordance with Federal Rule of Bankruptcy Procedure 7004 but extended the time for service to encompass the date that Plaintiff did effectuate service. Two days after the opinion was issued, Defendant renewed its motion to quash. The parties agreed to permit the court to decide the matter without hearing.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The facts underlying this dispute are set forth in the court's previous decision on this matter and are fully incorporated herein. (Memo. of Opinion, ECF No. 27.)

Although Defendant titles its pleading a renewed motion to quash, the court understands Defendant to request reconsideration of its prior decision under Federal Rule of Bankruptcy Procedure 9024, the bankruptcy complement to Federal Civil Rule of Procedure 60. Defendant did not raise any legal arguments under this rule. Defendant focuses on Plaintiff's failure to serve Frederic P. Schwieg, Debtor's counsel in the main case, as allegedly required by Rule 7004(g). According to Defendant, service to counsel actually representing Debtor in this adversary does not meet the requirement to serve "debtor's attorney" under Rule 7004(g).

In its previous opinion, the court "deem[ed] the service made by Plaintiff to Defendant's counsel on December 20, 2012 to be sufficient." (Memo. of Opinion, p. 4, ECF No. 27.) Defendant challenges this finding, arguing for a purely technical reading of "debtor's counsel" to require service to the attorney representing Debtor in the main bankruptcy case. This point was not lost on the court in its previous opinion granting a service extension. Consequently, Defendant has provided no new factual or legal support supporting a different outcome.

When Plaintiff learned of the service issue, it was clear that Attorney Schwieg was not representing Debtor-defendant in this adversary. Attorney Butz had filed a motion to extend the time to answer Plaintiff's complaint on October 10, 2013. Additionally, Attorney Schwieg had returned discovery that was sent to him and advised Plaintiff that he did not represent Debtor in the adversary but that Attorney Butz did. (Pl.'s Br. In Opposition to Def.'s Renewed M. Quash p. 8, ECF No. 34). Defendant's argument would require Plaintiff to serve an attorney who is not representing the debtor over counsel who is representing the debtor. Under Defendant's ultra-technical view of the rule, it is arguing a position that goes against the grain of due process.

The court is not willing to take the view that "debtor's counsel" is strictly limited to bankruptcy counsel in the main case. In most cases, it will be main bankruptcy counsel. However, there will be situations, like here, where "debtor's counsel" can also be read to mean counsel representing debtor in the adversary.

Upon further review, the court ponders whether Defendant has proceeded properly. Defendant's motion is titled as a motion to quash the summons and the complaint. Generally, a motion to dismiss the complaint would be more apropos and is what is suggested in Rule 12(b)(5). A motion to dismiss, however, has to be filed *before* a responsive pleading. Here, Defendant filed its answer to the complaint, its responsive pleading, prior to the present motion, which is the functional equivalent of a motion to dismiss. There is a concern that Defendant's motion to quash the summons and complaint is an attempt to end run this problem.

The court also is aware that Attorney Schwieg did receive electronic notice of the complaint through the court's electronic case filing system, per the Notice of Electronic Filing

associated with the complaint, docket entry number one.   Although Plaintiff did not officially serve the complaint, Attorney Schwieg received a copy.

Defendant failed to convince the court that it abused its discretion in extending Plaintiff's time frame for service and deeming service to Defendant's counsel, Attorney Butz, to be sufficient.   Defendant failed to address any of the factors the court considered in extending the period for service in its previous opinion.   Defendant's renewed motion will be denied by an order to be entered contemporaneously with this opinion.

#     #     #

**Service List:**

Michael J O'Shea
19300 Detroit Road - Suite 202
Rocky River, OH 44116

John A Burnworth
David E Butz
Krugliak, Wilkins, Griffiths & Dougherty
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

Frederic P Schwieg
2705 Gibson Drive
Rocky River, OH 44116-3008