**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:13 AM March 19, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER FRANK PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| _____ | ) | |
| SPIRIT SPE PORTFOLIO 2007-1 LLC, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant's motion for summary judgment is before the court. The court has jurisdiction of this proceeding under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

1

## BACKGROUND

Debtor, the Defendant, filed a chapter 11 petition on May 4, 2012. On August 13, 2012, Plaintiff filed the instant adversary seeking to determine that a judgment it holds against Debtor is nondischargeable under 11 U.S.C. § 523(a)(2) and (4). In 2011,[1] the Carroll County Common Pleas Court issued a default judgment in Plaintiff's favor, and against Defendant and others, jointly and severally, in the amount of $1,075,187.62. Plaintiff contends the judgment was the result of Plaintiff's fraud and should be excepted from discharge.

The pending motion for summary judgment arises from discovery issues between the parties. Defendant filed his renewed[2] motion for summary judgment on December 10, 2013. He contends he is entitled to summary judgment based on Requests for Admission that were deemed admitted when Plaintiff failed to respond.

On November 29, 2012, the court issued a scheduling order following the initial pretrial conference. Under that order, initial disclosures were due by December 12, 2012 and discovery was to conclude by March 31, 2013. In light of a renewed motion to quash the summons, Defendant filed a request to extend discovery. The motion was granted and the discovery cut-off was extended to forty-five days after the court ruled on the renewed motion to quash. The court entered the order on July 24, 2013, thereby establishing September 7, 2013 as the discovery deadline.

Defendant served discovery, including interrogatories, requests for production of documents and requests for admissions, on August 7, 2013. Plaintiff did not timely respond, even after reminders and inquiries from Defendant. On September 13, 2013, Defendant filed a notice to take a deposition of Plaintiff upon oral examination. The deposition did not go forward. Thereafter, Defendant obtained leave and filed a motion for summary judgment based on Plaintiff's failure to provide discovery.

At a further pretrial conference held on November 6, 2013, the court established new, extended discovery deadlines. Plaintiff agreed to provide discovery and in exchange, Defendant agreed to withdraw his first motion for summary judgment. The court ordered Plaintiff to respond to Defendant's requests for admissions, which were served on August 7, 2013, by no later than December 6, 2013. All depositions were ordered to be completed by January 10, 2014 and discovery was to conclude by February 7, 2014.

On January 10, 2014, Defendant filed a motion to compel discovery.[3] The motion indicates that Plaintiff belatedly complied with the court's order regarding the requests for admissions on December 10, 2013, "[a]pproximately thirty minutes after electronic service of the Renewed Motion for Summary Judgment." (Def.'s Mot. Compel, fn. 6, ECF No. 69) Plaintiff did not timely respond to the motion to compel. The court granted the motion to compel at a

---

1 The date stamp on the copy of the judgment entry attached to Plaintiff's complaint is illegible.
2 Defendant withdrew his first motion for summary judgment.
3 The motion pertains to interrogatories and requests for documents.

hearing held on February 13, 2014.[4]  On February 14, 2014, Plaintiff filed an untimely response to the motion to compel.

Then, on February 18, 2014, weeks after a response was due, Plaintiff submitted a response to the renewed motion for summary judgment.  Defendant's reply was filed on February 24, 2014.

Although it has no immediate bearing on the present motion for summary judgment, the court notes that Defendant filed a second motion to compel on February 21, 2014, alleging it has not received timely responses to its second set of interrogatories and requests for production of documents issued on January 3, 2014.

## **DISCUSSION**

Defendant filed the renewed motion for summary judgment relying on deemed admissions from Plaintiff's failure to comply with discovery.  Four days late, and after Defendant renewed its motion for summary judgment, Plaintiff answered the Requests for Admissions.  Now the court must determine the impact of Plaintiff's delay.  Additionally, the court must also decide how Plaintiff's late response to the motion for summary judgment should be addressed.  The response was due on December 31, 2013 and Plaintiff's response is dated February 18, 2014.

**I.    Plaintiff's Untimely Response to the Renewed Motion for Summary Judgment**

First, the court must decide whether to consider Plaintiff's untimely response to the motion for summary judgment.  A court is not obligated to consider an untimely response. <u>Castleberry v. Neumann Law P.C.</u>, 2008 WL 5744179 * 5 (W.D. Mich. 2008) (unpublished) (citing numerous cases in support).

Pursuant to the Form 20A notice provided by Defendant, responses to the motion for summary judgment were due on December 31, 2013.  Since the motion was filed on December 10, 2013, this response period allowed Plaintiff more time than the fourteen days required under Local Bankruptcy Rule 9013-1(b).  The response was filed more than six weeks out of time.  Plaintiff did not obtain leave to file a late response and did not demonstrate any excusable neglect for the late filing.

Additionally, the response is not responsive to Defendant's motion for summary judgment.  Defendant's motion for summary judgment is premised on admissions that are deemed admitted as a result of Plaintiff's failure to respond to discovery.  The response ignores this argument, focusing on the facts it contends support its fraud claim and outlining fraud requirements under Ohio law.  It seeks to divert the court's attention to ignore the legal position it is in that was created by its own actions and inactions.

---

4  The order was docketed on February 18, 2014.

3

And, finally, Defendant has already been stalled in seeking summary judgment. Defendant's first motion for summary judgment was filed in October 2013 and was withdrawn upon Plaintiff's agreement to provide discovery responses. When the responses were not forthcoming by the deadline set by the court, Defendant renewed its motion.

For these reasons, the court declines to consider Plaintiff's response to Defendant's renewed motion for summary judgment. The response is hereby **STRICKEN**.

II.     Plaintiff's Untimely Responses to Requests for Admissions Served on August 7, 2013

Defendant served requests for admissions on August 7, 2013.[5] Under Bankruptcy Rule 7036, which adopts Federal Rule of Civil Procedure 36, answers were due thirty days from service. Plaintiff did not timely answer the requests for admission. Defendant next filed a motion for summary judgment based on the facts deemed admitted, which was withdrawn following a pretrial where Plaintiff agreed to furnish the answers. The court set December 6, 2013 as the new response date. Defendant contends that responses were provided only after he filed a renewed motion for summary judgment, on December 10, 2013.[6]

Federal Civil Rule 36(a)(3) provides that a matter is deemed admitted if a response is not timely filed. Rule 36(b) covers the effect of an admission, including withdrawal or amendment. Federal Civil Rule 36(b) states, in its entirety:

> **Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

While the rules suggest that a motion is required to withdraw or amend an admission, the Sixth Circuit has been less rigid. For example, a formal motion is not always required. Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997). In Kerry Steel, the defendant made an oral argument against admission during a hearing and the district court later allowed the admissions to be withdrawn. In upholding that decision, the Sixth Circuit stated "we are reluctant to assign talismanic significance to the attorney's failure to use the phrase 'I move.'" Kerry Steel at 154. The distinction in Kerry Steel was that the defendant took deliberate and direct action opposing the admission, which Plaintiff has not done. The court

---

5 Defendant also served interrogatories and requests for production of documents on the same day. Recently, the court granted a motion to compel for Plaintiff's failure to timely reply to those discovery items.
6 The court cannot find proof of this in the record but Defendant's statement is unchallenged.

4

12-06112-rk    Doc 110    FILED 03/19/14    ENTERED 03/19/14 14:00:30    Page 4 of 8

does not read <u>Kerry Steel</u> to stand for the proposition that a late-filed response, without any other action, provides a basis for amendment or withdrawal of matters deemed admitted. Rather, it merely permits withdrawal or amendment on action other than the filing of a formal written motion.

The Sixth Circuit has also found that withdrawal of an admission 'may be imputed from a party's actions, including the filing of a belated denial.' <u>U.S. v. Petroff-Kline</u>, 557 F.3d 285, 293-94 (6th Cir. 2009) (citing <u>Chancellor v. City of Detroit</u>, 454 F.Supp.2d 645, 666 (E.D. Mich. 2006) (parenthetical omitted)). In <u>Petroff-Kline</u>, the court accepted the late-filed responses as a withdrawal of the admissions. Again, the court finds <u>Petroff-Kline</u> and <u>Chancellor</u> to be easily distinguishable. In both cases, the responses were only three days late. Here, Plaintiff's responses were submitted approximately three months late and four days past the deadline on its second chance. The responses were filed only after Defendant renewed its motion for summary judgment. The court cannot conclude that the rules or Sixth Circuit case law require a court to *sua sponte* permit admissions to be withdrawn when (1) the requests were initially served on August 7, 2013, (2) Defendant filed a motion for summary judgment, (3) Defendant withdrew the motion for summary judgment upon an agreement by Plaintiff to furnish the responses, (4) the court set a new response deadline of December 6, 2013, (5) Plaintiff did not timely file the responses, resulting in Defendant's renewed motion for summary judgment, and (6) Plaintiff's responses were filed on December 10, 2013. The court finds that the admissions are deemed admitted and not withdrawn. Consequently, the following facts are established:

1. Defendant was not a guarantor of the Lease.
2. When Defendant appeared at the February 1, 2011 hearing, he was not a named party to the Carroll County lawsuit and was acting as a representative of Minerva Forging Properties, LLC and Metallum, LLC.
3. Minerva Forging Properties, LLC paid Plaintiff $30,000 on or about February 3, 2011.
4. At the February 1, 2011 hearing, where Defendant appeared for Minerva Forging Properties, LLC and Metallum, LLC, he agreed that the corporations were in default of their lease; consented to the Court's issuance of a Writ of Restitution; Agreed to pay Spirit $30,000 by February 3, 2011.
5. The actions of Defendant in regards to the February 1, 2011 hearing, leaving the Property, and the surrounding events, were not malicious or designed to defraud the Plaintiff.

### III. Defendant's Renewed Motion for Summary Judgment

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, as adopted by Bankruptcy Rule 7056. Under the rule, a court grants summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Plaintiff's adversary complaint contains three counts for nondischargeability, a count

5

each under § 523(a)(2)(a), § 523(a)(2)(B) and § 523(a)(4). Plaintiff is seeking to have a $1,000,000+ judgment entered by a state court against Debtor and others, jointly and severally, ruled nondischargeable. In order to do so, Plaintiff must prove that the existing judgment is nondischargeable. Alternatively, Plaintiff needs to obtain a judgment of nondischargeability from this court.

### A. The existing judgment and collateral estoppel

The judgment entry from the state court indicates that "Defendants have been properly served . . . [and] are now in default for answer or reply to Plaintiff's Amended Complaint herein." (Def.'s Renewed Mot. Summ. J. Ex. A, ECF No. 1-2) Count six of the amended state court complaint was a count for fraud with specific allegations related to Debtor. With this history, the decision is wholly driven by preclusion doctrines, *which neither party discussed*. This is particularly problematic because the party asserting preclusion bears the burden of proof. *See* United States v. Dominguez, 359 F.3d 839 (6th Cir. 2004) (citation omitted); Hinze v. Robinson (In re Robinson), 242 B.R. 380 (Bankr. N.D. Ohio 1999) (citation omitted). Since dischargeability is a determination reserved to the bankruptcy court, *see* Brown v. Felsen, 442 U.S. 127 (1979), the court is left to examine collateral estoppel.

In Ohio, collateral estoppel, or issue preclusion, is invoked to bar relitigation of an issue when "(1) the party against whom collateral estoppel is sought was a party-or in privity with a party-in the previous action; (2) there was a final judgment on the merits in the previous action after a full and fair opportunity to litigate the issue; (3) the issue was actually and directly litigated in the previous action and was necessary to the final judgment; and (4) the issue in the present action is identical to the issue involved in the previous action." Sanderson Farms, Inc. v. Gasbarro, 299 Fed.App'x 499, 505 (6th Cir. 2008) (unpublished) (citing Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 198 (B.A.P. 6th Cir. 2002) (citations omitted)). Since fraud was raised in the state court case, the court must determine whether further review of this issue is foreclosed.

Looking at the factors, the court is convinced that three of the four elements are met. The parties in this action are the same parties in the Carroll County action. The Carroll County court entered a final judgment on the merits after a full and fair opportunity to litigate. One of the claims included in the state court litigation was fraud, the same claim that is presented here. The only item in question is whether fraud was actually and directly litigated against Defendant. When the adjudication in the state court is a result of a default judgment, as it was here, the question requires further review because Ohio courts have not reached a consensus on whether to apply collateral estoppel to default judgments. *See* Sweeney, 276 B.R. 186, 192.

In reviewing this question, the Bankruptcy Appellate Panel concluded that a default judgment does preclude relitigation "as to an issue that was the subject of an 'express adjudication[,]'" defined as "one that expressly finds something." Id. (citing Zaperach v. Beaver, 6 Ohio App.3d 17 (1982)). Other bankruptcy courts in this district have adopted a two point test for the determination, involving first the submission of admissible evidence beyond the

complaint, and second, actual "findings of fact and conclusions of law that are sufficiently detailed to support application of the doctrine of collateral estoppel in the subsequent action." Tillimon v. Mack (In re Mack), 2013 WL 3822075, *6 (Bankr. N.D. Ohio 2013) (citing Hinze v. Robinson (In re Robinson), 242 B.R. 380, 387 (Bankr. N.D. Ohio 1999)). The record before the court is devoid of any evidence to support these requirements and the court is therefore unable to apply collateral estoppel to prevent relitigation of fraud.

### B. Obtaining a judgment from this court

Since the court cannot conclude that collateral estoppel applies, it turns to the elements of Plaintiff's nondischargeability action. Plaintiff bears the burden of proof by a preponderance of the evidence. Glen Eagle Mktg., Inc. v. Brock (In re Brock), 39 F.3d 1181 (6th Cir. 1994) (unpublished) (citing Grogan v. Garner, 498 U.S. 279, 291 (1991)). To succeed on its § 523(a)(2)(A) claim, Plaintiff must show "(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss." Rembert v. AT&T Universal Card Serv., Inc. (In re Rembert), 141 F.3d 277, 280 (6th Cir. 1998) (citations and footnote omitted). For a § 523(a)(2)(B) claim, Plaintiff must demonstrate that the debtor obtained "money property, services . . . by use of a statement in writing—(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to who the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive . . . ." 11 U.S.C. § 523(a)(2)(B). The elements of a cause of action under § 523(a)(4) for "fraud or defalcation while acting in a fiduciary capacity" are "(1) the existence of either an express or technical trust or another suitable obligation that is not created by the wrongdoing that gave rise to the claim sued upon; (2) the status of being a fiduciary of such a trust or obligation, and (3) fraud or defalcation while acting in the capacity of a fiduciary of such a trust or obligation." Bowman v. Hollander (In re Hollander), 1992 WL 373172 (N.D. Ohio 1992) (unpublished).

Each of Plaintiff's claims contains an element related to the Debtor's intent, which is a question of fact. *See, e.g.*, Prim Capital Corp. v. May (In re May), 368 B.R. 85 (B.A.P. 6th Cir. 2007) (unpublished); Gen. Motors Acceptance Corp. v. Cline (In re Cline), 431 B.R. 307 (B.A.P. 6th Cir. 2010) (unpublished). Under Civil Rule 36(a)(1)(A), a fact is within the scope of a request for admission. *See also* Aquiluz v. Jaffe (In re Aguiluz), 2011 WL 4485181 (B.A.P. 9th Cir. 2011). The fifth admission, when deemed true, eliminates the requisite ill-intent required to prove nondischargeability. As a result, Plaintiff is unable to prove nondischargeability and Defendant's motion is well-taken.

### CONCLUSION

Plaintiff's response to Defendant's renewed motion for summary judgment was filed more than six weeks late, specifies no justification for the late filing, and is not responsive to the renewed motion. The court therefore will order the response stricken.

7

Plaintiff's responses to the requests for admissions were late and Plaintiff has taken no action to have the admissions withdrawn or amended. For this reason, the requests for admission are deemed admitted under Federal Civil Rule 36.

Defendant demonstrated he is entitled to judgment as a matter of law. The debt Plaintiff seeks to find nondischargeable arises from a state court default judgment that is not subject to collateral estoppel because there was no express adjudication of the fraud issue. Defendant, however, in an admission, established that he did not possess the requisite intent for the underlying causes of action seeking nondischargeability. For this reason, the court grants Defendant's motion for summary judgment.

It is so ordered.

#  #  #

**Service List:**

Michael J O'Shea
19300 Detroit Road - Suite 202
Rocky River, OH 44116

John A. Burnworth
David E. Butz
Krugliak, Wilkins, Griffiths & Dougherty
4775 Mubson St NW
P.O. Box 36963
Canton, OH 44735-6963

Frederic P. Schwieg
2705 Gibson Drive
Rocky River, OH 44116-3008