**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:54 AM June 5, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER FRANK PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| _____ | ) | |
| SPIRIT SPE PORTFOLIO 2007-1 LLC, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |

After granting a motion to compel Plaintiff to respond to discovery, the court ordered Defendant to submit an itemization of fees and costs for the court to review in determining appropriate sanctions. Defendant complied on February 20, 2014. Plaintiff objects to the requested fees on several grounds. The court held a hearing on April 29, 2014 and took the matter under advisement. Following the hearing, Plaintiff filed a supplemental brief, which Defendant moves to strike.

The court has jurisdiction of this proceeding under 28 U.S.C. § 1334 and the general

1

order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

Debtor, the Defendant, filed a chapter 11 petition on May 4, 2012. On August 13, 2012, Plaintiff filed the instant adversary seeking to determine that a state court judgment, in the amount of $1,075,187.62, against Debtor and others, jointly and severally, is nondischargeable under 11 U.S.C. § 523(a)(2) and (4).

The motion to compel underpinning the current fee itemization arose from discovery issues between the parties. Based on documents submitted by Plaintiff on April 29, 2014, it appears that Plaintiff unsuccessfully attempted to commence discovery in the fall of 2012. Following the initial pretrial conference on November 29, 2012, the court issued a scheduling order setting December 12, 2012 as the deadline for initial disclosures and establishing a discovery cutoff of March 31, 2013. Because of actions to quash the summons, Defendant filed a request to extend discovery. The motion was granted and the discovery cut-off was extended to forty-five days after the court ruled on a renewed motion to quash. That order was entered on July 24, 2013, thereby fixing September 7, 2013 as the discovery deadline.

Defendant served discovery, including interrogatories, requests for production of documents and requests for admissions, on August 7, 2013. Plaintiff did not timely respond, even after reminders and inquiries from Defendant. On September 13, 2013, Defendant filed a notice to take a deposition of Plaintiff upon oral examination. The deposition did not go forward. Thereafter, Defendant obtained leave and filed a motion for summary judgment based on Plaintiff's failure to provide discovery.

At a further pretrial conference held on November 6, 2013, the court again established new, extended discovery deadlines. Plaintiff agreed to provide discovery and in exchange, Defendant agreed to withdraw his first motion for summary judgment. The court ordered Plaintiff to respond to Defendant's requests for admissions, served on August 7, 2013, by no later than December 6, 2013. All depositions were ordered to be completed by January 10, 2014 and discovery was to conclude by February 7, 2014.

On January 10, 2014, Defendant filed a motion to compel responses to the interrogatories and requests for production of documents served in August 2013. Although Plaintiff did not file a responsive pleading to the motion to compel by the January 24, 2014 deadline, nor did it appear for the hearing on February 13, 2014, it did submit responses to the discovery requests on January 21, 2014. (Ntc. Of Service of Resp. to Written Discovery, ECF No. 73) The court granted the motion to compel at the February 13th hearing.[1] The day after the hearing, Plaintiff submitted an untimely response to the motion.

---

1 The written order was entered on February 18, 2014.

When the court granted the motion to compel, it directed Defendant to file a fee itemization and Defendant complied on February 20, 2014, requesting $4,468.40. Plaintiff objected to the requested fees on February 24, 2014 and Defendant's reply was filed on February 24, 2014.

## DISCUSSION

### I. The motion to strike

Following the hearing on the fee itemization issue, Plaintiff filed an unsolicited, post-hearing supplemental brief. Defendant moved to strike the pleading or, alternatively, for time to file a reply and actually filed a reply on May 1, 2014. Consequently, the court finds no reason to strike the supplemental pleading and will **GRANT** the alternative relief and consider both the post-hearing supplemental brief filed by Plaintiff and Defendant's reply.

### II. The fee itemization

The motion to compel was granted and now the court must determine the amount to award Defendant. Federal Civil Rule 37, adopted by Federal Bankruptcy Rule 7037, states in applicable part

> (5) Payment of Expenses; Protective Orders
>
> (A) If the Motion is Granted (Or Disclosure or Discovery Is Provided After Filing). If the motion is granted— or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Defendant seeks a total of $4,468.40 in attorney fees. According to Defendant, $471.50 was previously approved for services billed from December 13, 2013 through December 20, 2013. While the court can find no record of this approval on the docket, Plaintiff has not challenged these fees. Consequently, the court will address only the second portion of the fee itemization, the request for $3,996.90 in fees for services between December 13, 2013 and February 18, 2014.

Upon review, the court cannot grant the total fees requested. First, the court finds that the outlined services encompass much more than the rule intends as "reasonable expenses incurred in making the motion." The itemization presented by Defendant includes services which predate the motion, as well as services related to the scheduling and rescheduling of

3

depositions. Defendant argues that it was forced to reschedule the depositions because it did not have the documents it needed to proceed but the court is unconvinced. (Def.'s M. Extend Deadline to Conduct Depositions, ECF No. 76) First, considering the delay in obtaining discovery, it simply doesn't make sense to continue to reschedule the depositions in the absence of the responses. After several months with no responses, expedience would dictate Defendant wait until it had the documents in hand. Second, it is unclear what understanding the parties reached regarding depositions. In an email dated January 5, 2014, Defendant's counsel emailed Plaintiff's counsel the following: "I thought we agreed to continue the depositions until our discovery responses were answered. We will have to reschedule. Let's talk tomorrow to select the dates." (Ntc. of Efforts to Set Depo., ECF 98-3) Clearly, there may have been some miscommunication on this topic. Additionally, the motion to compel did result in production and responses. Although Plaintiff contends that the information was insufficient and/or unresponsive, the court finds this raises a tangential dispute which is separate from the motion to compel.

The reasonableness of the fees is determined by the lodestar method. Czerneski v. Am. Blue Ribbon Holdings, LLC, 2014 WL 1304596 (E.D. Mich. 2014) (slip copy) (citing Ellison v. Balinski, 625 F.3d 953, 970 (6th Cir. 2010)). The calculation requires the court to multiply the reasonable hourly rate by the reasonable number of hours. Id. Plaintiff has not challenged the rate but does complain that too much time was billed. The court agrees.

For example, the motion to compel was a seven page document, including a four page memorandum, with sixteen pages of exhibits and a two page proposed order, for which Defendant billed nearly $600.00, representing approximately three and a half hours of work by two people. The supplement to the motion, filed on January 30, 2014, which was thirteen pages, and the motion to extend the discovery deadline, filed the same day, took over three hours for both pleadings, totaling $497.20. The work involves substantial attorney and paralegal[2] time. Having an attorney spend just over two hours drafting a document, followed by another hour and a half in paralegal time preparing it for filing, appears excessive based on this court's experience. When an attorney spends two hours on a four page memorandum, the inclination is to expect less required from a paralegal. Such was not the case. Where possible, economy calls for the most work to be done at the lowest hourly billing rate. For this reason, the court finds that an overall reduction of one-third of the allowed attorney time is warranted to balance what appears to be excessive attorney and paralegal time on the same tasks.

The fee itemization also contains multiple items that were either not directly related to the motion to compel or are simply not what the court views as reasonable expenses. For example, billings include communications with court personnel, court reporters, updates to the internal case file, and inter-office conferences.[3] The court declines to include these in the amounts that are reasonably compensable under Rule 37(a)(5)(A) in this case.

---

2 Because Defendant's counsel regularly practices before the court, the court has reason to believe that MHP is Mary Helmick Papadopoulos, a paralegal; DEB is attorney David E. Butz and JAB is attorney John Burnworth.
3 For example, see the entries dated 1/31/14, 1/13/14 and 1/21/14.

Upon review of the itemization, the court finds the following are services which are compensable: all the entries dated January 30, 2014; those entries dated February 13, 2014 related specifically to the hearing on the motion to compel; and all entries on February 14, 2014 and February 18, 2014. Additionally, the court finds that the need to extend discovery was a natural result of Plaintiff's failure to provide discovery, so the court will also allow time spent extending the discovery deadline on January 30, 2014. The total billing for these services is $1,552.90. Of this amount, $1,104.40 was billed by an attorney, which the court reduces by one-third, or $367.77. Consequently, the court will allow $1,185.13 of the $3,996.90 as reasonable compensation for filing the motion to compel, for a total award of $1,656.63 ($1,185.13 + $471.50).

An order will be entered immediately.

# # #

**Service List:**

Michael J O'Shea
19300 Detroit Road - Suite 202
Rocky River, OH 44116

John A. Burnworth
David E. Butz
Krugliak, Wilkins, Griffiths & Dougherty
4775 Mubson St NW
P.O. Box 36963
Canton, OH 44735-6963

Frederic P. Schwieg
2705 Gibson Drive
Rocky River, OH 44116-3008