**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:10 AM October 15, 2014**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| _____ | ) | |
| | ) | JUDGE RUSS KENDIG |
| SPIRIT SPE PORTFOLIO 2007-1, | ) | |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

 The current opinion determines whether the court should grant the stay of an order imposing sanctions pending the appeal of a separate (though somewhat related) court order, even though the appeal was dismissed before the filing of the current opinion. Christopher Paxos ("Debtor") initially filed for bankruptcy protection on May 4, 2012. Approximately three months later, on August 13, 2012, Spirit SPE Portfolio 2007-1, LLC ("Spirit") filed an adversary case seeking to deny Debtor's bankruptcy discharge. During the litigation of the adversary

1

proceeding, Spirit was consistently untimely in dealing with discovery requests.[1] Due to Spirit's continual delays, the court issued an opinion on March 19, 2014, deeming certain factual matters admitted under Federal Rule of Civil Procedure 36[2] (the "Rule 36 Opinion"). The admitted facts entitled Debtor to summary judgment. Spirit appealed the Rule 36 Opinion to the Federal District Court for the Northern District of Ohio, but the court dismissed the appeal with prejudice on October 9, 2014 based on Spirit's continued failures to comply with court imposed deadlines. Spirit SPE Portfolio 2007-1 LLC v. Paxos, 2014 WL 5091740 (N.D. Ohio 2014). On June 5, 2014, the bankruptcy court issued a separate opinion requiring Spirit to pay Debtor $1,656.63 as sanctions for unreasonable discovery delays. Spirit filed a motion to stay the payment of the sanction pending the outcome of the Rule 36 Opinion appeal.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### Law and Analysis

The Supreme Court of the United States has identified four factors courts consider when evaluating a motion to stay pending an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 775–76 (1987); Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991); Fed. R. Bankr. P. 8005. The movant "must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." Id. The party seeking the stay bears the burden of proof by a preponderance of the evidence. In re Pertuset, 2012 WL 7991693, at *2 (Bankr. S.D. Ohio 2012); In re Player Wire Wheels, Ltd., 428 B.R. 767, 771 (Bankr. N.D. Ohio 2010).

Based on the test set forth in Hilton, the court finds that Spirit's motion for stay is moot. As the District Court dismissed Spirit's appeal on October 9, 2014, there is no longer any likelihood that Spirit's appeal will succeed. Spirit has failed to carry its burden.

### Conclusion

Based on the above analysis, the court **DENIES** Spirit's Motion for stay as moot. An order will be entered simultaneously with this opinion.

---

[1] The court has previously issued two opinions extensively detailing Spirit's repeated discovery delays. Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 2547711 (Bankr. N.D. Ohio 2014); Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 1089812 (Bankr. N.D. Ohio 2014).

[2] Federal Rule of Bankruptcy Procedure 7036 adopts Federal Rule of Civil Procedure 36 for use in bankruptcy proceedings.

It is so ordered.

# # #

**Service List**:

**Spirit SPE Portfolio 2007-1 LLC**
14631 North Scottsdale Road
Scottsdale, AZ 85260

**Michael J O'Shea**
19300 Detroit Road - Suite 202
Rocky River, OH 44116

**Christopher Paxos**
7237 Brycewood Cir
North Canton, OH 44720

**John A. Burnworth**
Krugliak, Wilkins, Griffiths & Dougherty
4775 Mubson St NW
P.O. Box 36963
Canton, OH 44735-6963

**David E Butz**
Krugliak, Wilkins, Griffiths & Dougherty
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

**Frederic P. Schwieg**
2705 Gibson Drive
Rocky River, OH 44116-3008

3