**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:10 AM October 15, 2014**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| _____ | ) | |
| | ) | JUDGE RUSS KENDIG |
| SPIRIT SPE PORTFOLIO 2007-1, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The current opinion determines whether a motion requesting a court order requiring a party to appear and show cause should be stricken because it was combined with a separate motion and filed as a single document. Christopher Paxos ("Debtor") initially filed for bankruptcy protection on May 4, 2012. Approximately three months later, on August 13, 2012, Spirit SPE Portfolio 2007-1, LLC ("Spirit") filed an adversary case seeking to deny Debtor's bankruptcy discharge. During the litigation of the adversary proceeding, Spirit was consistently

untimely in dealing with discovery requests,[1] which eventually lead to summary judgment being granted in favor of Debtor. Spirit appealed the decision to the United States District Court for the Northern District of Ohio ("District Court"). In a separate opinion, the bankruptcy court required Spirit to pay Debtor $1,656.63 as a sanction for unreasonable discovery delays. Thereafter, Spirit filed a motion to stay the payment of the sanction pending the outcome of the summary judgment appeal with the District Court.

Debtor's response to Spirit's motion to stay included a motion requesting an order requiring Spirit to appear and show cause why Spirit should not be held in contempt for failing to pay the $1,656.63 sanction. Spirit responded with a motion to strike, arguing that Debtor's combination of the two filings—Debtor's response to Spirit's motion to stay and Debtor's request for a show cause order—create "a procedural quagmire and is most likely designed to hinder [Spirit's] right to file a brief in opposition to the relief sought." (Mot. to Strike "Show Cause" Relief and Mot. to Strike "Notice" on Show Cause Relief 2, July 28, 2014, ECF No. 147). Spirit's motion to strike also claims that Debtor's notice giving fourteen days to respond has "no statutory or common law authority." Id. However, under Local Bankruptcy Rule 9013-1(a), fourteen days is the proper response timeframe.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### Analysis

Combining motions is commonplace. Such action often reduces attorney's fees, which is especially important in a bankruptcy case as fees paid to a debtor's attorney are often monies that can no longer be paid to creditors. Debtor also provided separate notice of the motion requesting an order to show cause, helping to eliminate any confusion arising from the combined filing. Finally, the court's practice has been to allow combined filings unless the combination appears to be an attempt to circumvent filing fees. Therefore, Spirit's motion to strike is denied. Consequently, Debtor's motion requesting an order for plaintiff to appear and show cause is granted, and a hearing date will be set in a separate order.

### Conclusion

Based on the above analysis, the court **DENIES** Spirit's motion to strike and **GRANTS** Debtor's motion requesting an order for Spirit to appear and show cause. An order will be entered simultaneously with this opinion.

It is so ordered.

---

[1] The court has previously issued two opinions extensively detailing Spirit's repeated discovery delays. Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 2547711 (Bankr. N.D. Ohio 2014); Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 1089812 (Bankr. N.D. Ohio 2014).

2

# # #

**Service List**:

**Spirit SPE Portfolio 2007-1 LLC**
14631 North Scottsdale Road
Scottsdale, AZ 85260

**Michael J O'Shea**
19300 Detroit Road - Suite 202
Rocky River, OH 44116

**Christopher Paxos**
7237 Brycewood Cir
North Canton, OH 44720

**John A. Burnworth**
Krugliak, Wilkins, Griffiths & Dougherty
4775 Mubson St NW
P.O. Box 36963
Canton, OH 44735-6963

**David E Butz**
Krugliak, Wilkins, Griffiths & Dougherty
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

**Frederic P. Schwieg**
2705 Gibson Drive
Rocky River, OH 44116-3008