**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



*Russ Kendig*
**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:59 PM December 30, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CHRISTOPHER PAXOS, | ) | CASE NO. 12-61280 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6112 |
| _____ | ) | |
| | ) | JUDGE RUSS KENDIG |
| SPIRIT SPE PORTFOLIO 2007-1, | ) | |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF OPINION (NOT** |
| v. | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| CHRISTOPHER PAXOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Pending before the court are four unresolved motions. Christopher Paxos ("Debtor") initially filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code ("the Code") on May 4, 2012. Approximately three months later, on August 13, 2012, Spirit SPE Portfolio 2007-1, LLC ("Spirit") filed an adversary case seeking to deny Debtor's bankruptcy discharge. The prosecution of the adversary case has not been a model of efficiency. Debtor and Spirit have engaged in numerous discovery disputes, with both parties leveling substantial allegations against the other. Spirit also missed numerous court imposed deadlines, which have been evaluated in depth in other decisions of this court.[1] Spirit's habitual missing of discovery

---

[1] In re Paxos, 2014 WL 2547711; In re Paxos, 2014 WL 1089812.

deadlines was a large factor in the court's grant of summary judgment to Debtor in an opinion dated March 19, 2014. Spirit SPE Portfolio 2007-1 LLC v. Paxos (In re Paxos), 2014 WL 1089812 (Bankr. N.D. Ohio 2014). Spirit appealed the decision to the District Court, but Spirit, as is consistent with its practice before the bankruptcy court, missed District Court imposed deadlines as well, leading the District Court to grant judgment to Debtor. Spirit SPE Portfolio 2007–1 LLC v. Paxos, 2014 WL 5091740 (N.D. Ohio 2014).

When Spirit appealed the bankruptcy court's grant of summary judgment, the following unresolved motions were before the court: (1) Motion to Compel Responses to Defendant's Second Set of Discovery Requests; (2) Motion to Reconsider Ruling on Motion to Compel; and (3) Motion for a Protective Order. The motions were stayed pending appeal. Thereafter, Debtor filed a Motion Requesting an Order for Plaintiff to Appear and Show Cause on July 22, 2014 for Spirit's failure to pay sanctions associated with repeated discovery delays. Complicating matters, on October 28, 2014, Michael O'Shea, the attorney for Spirit, filed a motion to withdraw as counsel. The court then held the four unresolved motions in abeyance pending the outcome of the withdrawal motion. The court granted Mr. O'Shea's withdrawal on November 25, 2014, and shortly thereafter, on December 1, 2014, issued an Order Setting Final Deadline on Pending Matters, giving all parties until December 22, 2014 to file additional documents or request a hearing pertaining to the undecided motions before the court took each motion under advisement. The date has passed and no additional information was filed.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

**Law and Analysis**

The court will address each of the four unresolved motions.

I. **Debtor's Motion to Compel is Denied as Moot, but Debtor is Entitled to Attorney's Fees**

Debtor, on February 21, 2014, filed a motion to compel responses to Debtor's second set of discovery requests ("Motion to Compel"). Debtor's Motion to Compel lists extensive failed attempts to communicate with Spirit's counsel, and asks the court to compel Spirit to provide the requested information. Debtor also asks that Spirit be forced to pay attorney's fees and expenses associated with the Motion to Compel. In a previous court opinion regarding Debtor's first motion to compel, the court both granted Debtor's motion to compel and awarded attorney's fees and other costs of $1,656.63. Spirit SPE Portfolio 2007–1 LLC v. Paxos (In re Paxos), 2014 WL 2547711, at *3 (Bankr. N.D. Ohio 2014).

Debtor served Spirit with a second set of interrogatories on January 3, 2014, and Federal Rule of Bankruptcy Procedure 7036 requires a response within thirty days. Spirit did not timely

respond and Debtor filed the Motion to Compel. Bankruptcy Rule 7037 requires the court to award reasonable expenses associated with a motion to compel unless: "(1) the motion to compel was filed before the movant attempted in good faith to obtain the discovery without court intervention; (2) the opposing party's failure to respond to the discovery requests was substantially justified; or (3) other circumstances make an award unjust." Fed. R. Bankr. Pro. 7037; J4 Promotions, Inc. v. Splash Dogs, LLC, 2010 WL 2162901, at *1 (S.D. Ohio 2010). Generally, if a party fails to provide evidence explaining its failure to comply with a discovery request, sanctions should be awarded. Bobo v. City of Chillicothe, 2007 WL 184729, at *2 (S.D. Ohio 2007). Courts have wide discretion in awarding attorney's fees associated with a motion to compel. Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642–43 (1976); Wheat v. J.P. Morgan Chase Bank, N.A., 2012 WL 2589920, at *1 (S.D. Ohio 2012).

Pertaining to the Motion to Compel, as the court previously granted summary judgment, Debtor's need to obtain additional discovery has been eliminated. The motion to compel is denied as moot. Turning to attorney's fees, Debtor adequately attempted to contact Spirit, but Spirit nevertheless failed to timely respond to Debtor's discovery requests, even after being granted an extension, and has not provided an adequate explanation for the failure. Spirit's inaction caused Debtor to incur additional discovery related costs, justifying sanctions. Mascari v. DEI Inc., 2010 WL 4366270, at *1 (S.D. Ohio 2010). While sanctions under Rule 7037 are normally given only on successful motions to compel, and the Motion to Compel was denied, the denial was not based on the merits of the motion, but instead the dismissal of the underlying adversary. The court has wide discretion in granting sanctions, and believes attorney's fees are appropriate. Debtor is to file an itemization of fees associated with the Motion to Compel by no later than January 31, 2015. Spirit is given fourteen days to respond. No further hearing will be held unless requested and thereafter an order will be issued.

### II. Spirit's Motion for Reconsideration is Denied as Moot

Spirit's Motion for Reconsideration of Ruling on Motion to Compel ("Motion for Reconsideration") asks the court to reconsider its previous order compelling Spirit to respond to Debtor's first set of interrogatories and requests for information. The Motion for Reconsideration does not cite a single rule of civil or bankruptcy procedure, nor does it reference any applicable case law. Instead, the motion urges the court to change course because (1) Plaintiff missed calendaring the hearing on the motion to compel, and (2) Plaintiff has been diligently working to provide the requested discovery but is in the dark as to the specific documents Defendant still needs. The court need not review the merits of Spirit's arguments. Because the court has already granted Debtor summary judgment, additional discovery is unnecessary. Emery v. Pierce Cnty., 435 Fed. App'x 611, 613 (9th Cir. 2011); Jones v. Brunsman, 2009 WL 1362731, at *3–4 (S.D. Ohio 2009); United States v. Univ. Hosp., Inc., 2006 WL 2482409, at *1 (S.D. Ohio 2006). Spirit's Motion for Reconsideration is denied as moot.

### III. Spirit's Protective Motion is Denied as Moot

On March 3, 2014, Spirit filed a motion for a protective order ("Protective Motion"), asking the court to stop Debtor from its "harassing and unduly burdensome discovery tactics." Spirit's motion cites no legal authority justifying the imposition of a protective order, but the

court need not delve into the motion's merits. Because summary judgment has already been granted, and Debtor's Motion to Compel and Spirit's Motion for Reconsideration have already been denied as moot, there is no longer any discovery Spirit needs protection from. The Protective Motion is denied as moot. <u>Galion Cmty. Hosp. v. Hartford Life & Accident Ins. Co.</u>, 2010 WL 359126, at *3 (N.D. Ohio 2010); <u>Lane v. Terminal Freight Handling Co.</u>, 775 F.Supp. 1101, 1105 (S.D. Ohio 1991).

### IV. Debtor Is Given Seven Days to Prosecute the Show Cause Motion

Debtor's motion requesting an order for Spirit to appear and show cause ("Show Cause Motion") asks the court to set a hearing date for Spirit to appear and explain why it should not be held in contempt for its failure to comply with the court's earlier opinion awarding Debtor attorney's fees. <u>In re Paxos</u>, 2014 WL 2547711, at *3. The court granted Debtor's motion, and set a hearing date of November 3, 2014. However, before the hearing date, the court granted Mr. O'Shea's motion to withdraw as counsel and subsequently continued the hearing indefinitely. Thereafter, on December 1, 2014, the court issued an order allowing any party to file additional pleadings or request a hearing on any pending item, but nothing was filed. The appropriateness of the Show Cause Motion is unclear given the current status of the case. Based on the above, the court is uncertain whether Debtor has abandoned the motion. Debtor shall advise the court within seven (7) days whether he wishes to prosecute the Show Cause Motion.

### Conclusion

Based on the foregoing, the Motion for Reconsideration and Protective Motion are **DENIED.** Debtor is given seven (7) days to advise the court on the status of the Show Cause Motion. The portion of the Motion to Compel asking for additional discovery is **DENIED**, but Debtor is entitled to attorney's fees. Debtor shall file an itemization of expenses with the court by no later than January 31, 2015. Spirit shall have until no later than February 14, 2015 to respond. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List**:

**Spirit SPE Portfolio 2007-1 LLC**
14631 North Scottsdale Road
Scottsdale, AZ 85260

**Spirit Master Funding IV, LLC**
14631 N. Scottsdale Rd, Suite 200
Denver, CO 80202

**Spirit Master Funding LLC**
16767 North Perimeter Dr #210

Scottsdale, AZ 85260

**CT Corporation System**
1300 E. Ninth St.
Cleveland, OH 44114

**Christopher Paxos**
7237 Brycewood Cir
North Canton, OH 44720

**John A. Burnworth**
Krugliak, Wilkins, Griffiths & Dougherty
4775 Mubson St NW
P.O. Box 36963
Canton, OH 44735-6963

**David E Butz**
Krugliak, Wilkins, Griffiths & Dougherty
PO Box 36963
4775 Munson St NW
Canton, OH 44735-6963

**Frederic P. Schwieg**
2705 Gibson Drive
Rocky River, OH 44116-3008